IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNILOC 2017 LLC<br><br>Plaintiff,<br><br>v.<br><br>BLACKBOARD, INC.<br><br>Defendant. | Civil Action No. 20-0665-CFC |

## **MEMORANDUM ORDER**

WHEREAS, this lawsuit was filed[1] on August 11, 2017 and alleges that Defendant Blackboard, Inc. infringes U.S. Patent Nos. 6,324,578 and 7,069,293;

WHEREAS, based on the briefing and a sealed filing in *Uniloc USA, Inc. v. Motorola Mobility, LLC*, C.A. No. 17-1658-CFC, 2020 WL 7771219 (D. Del. Dec. 30, 2020) the Court had reason to believe that the patents asserted in this case were licensed to third-party Fortress Credit Co. LLC and that Fortress had the ability to

---

[1] The present action was originally filed by Uniloc USA, Inc. and Uniloc Luxembourg, S.A. Uniloc 2017 was substituted as Plaintiff on January 10, 2020. D.I. 68.

grant Blackboard a license to the asserted patents on the date this suit was filed, C.A. No. 17-1658, D.I. 58-1 at 119;[2]

WHEREAS, "under *WiAV [Solutions LLC v. Motorola, Inc.*, 631 F.3d 1257, (Fed. Cir. 2010),] the plaintiff in an infringement case . . . lacks constitutional standing to sue [a] defendant if another party has the ability to grant the defendant a license to the patent." *Uniloc v. Motorola*, 2020 WL 7771219 at *6;

WHEREAS, the Court directed the parties' attention to its decision in *Uniloc v. Motorola* and ordered the parties to submit letter briefs "addressing whether the Court has subject matter jurisdiction over this patent infringement action," Oral Order of Jan. 21, 2021;

WHEREAS, the Court also invited the parties to address in their letters "whether additional discovery or a stay of the action is necessary," *id.*;

WHEREAS, Uniloc filed a letter in response to the Court's order but did not address in its letter whether the Court has subject matter jurisdiction, but instead stated that *Uniloc v. Motorola* "appears" to create issue preclusion as to "various factual and legal issues" in this case and "that preclusion may thus cause this Court to find it lacks subject matter jurisdiction over this action," D.I. 96 at 2;

---

[2] This page number refers to the pagination assigned by CM/ECF.

WHEREAS, Uniloc requested in its letter that the Court stay the case while *Uniloc v. Motorola* is appealed, D.I. 96 at 2;

WHEREAS, nowhere in its letter did Uniloc assert that the Court has subject matter jurisdiction over this action or that Uniloc has standing to bring its infringement claims;

WHEREAS, "[t]he party bringing the action bears the burden of establishing that it has standing," *Sicom Sys. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005) (applying Third Circuit law); and

WHEREAS, Uniloc, in failing to directly answer whether the Court has subject matter jurisdiction, has not met this burden;

NOW THEREFORE, at Wilmington this Twenty-eighth day of January in 2021, **IT IS HEREBY ORDERED** that the case is DISMISSED for lack of subject matter jurisdiction and the Court of the Clerk is directed to CLOSE the case.

_____
UNITED STATES DISTRICT JUDGE